STATE OF NORTH CAROLINA v. BAXTER PARK HUNSUCKER
No. 6814SC459

(Filed 18 December 1968)

1. **Criminal Law § 66; Constitutional Law § 32— in-court identification of defendant — prior "confrontation" — absence of counsel**

    Where robbery victim identified defendant as the perpetrator of the offense from police photographs and did not see the defendant in person from the date of the robbery until the day the case was scheduled for trial when defendant appeared in the courtroom unannounced and with no suggestion as to his identity, the victim's in-court identification of defendant is not rendered incompetent on ground that defendant was submitted to his view in the courtroom in the absence of counsel.

2. **Criminal Law § 66; Constitutional Law § 32— right to counsel at lineup or other prearranged confrontation**

    The rationale underlying the rule requiring presence of counsel at the lineup or other confrontation between accused and State's witness for purposes of identification is (1) that unfairness in the lineup or other arranged identification process may arise by exhibiting the accused so as to suggest his identity to the witness and thereby obtain a positive identification from the witness which he will not later admit was indefinite or mistaken and (2) that absence of counsel at this stage would prevent any effective cross-examination of the witness relative to the identification process.

3. **Criminal Law § 66— evidence as to identity of defendant — cross-examination**

    In a prosecution for robbery allegedly committed by defendant and a co-felon who was not apprehended, defendant was not prejudiced by refusal of the trial court to allow him to cross-examine State's witness, who had identified him, as to witness' failure to recognize the other robber in a lineup conducted in an extradition hearing in another State, since the testimony sought to be elicited by this examination was immaterial upon the question of the witness' ability to recognize the present defendant.

4. **Criminal Law § 168— harmless error in instructions**

    In the absence of a specific request for further instructions, it was not prejudicial error in this case that the trial court failed to instruct the jury in the charge to disregard certain argument by the solicitor not supported by any evidence, since the action of the trial court in sustaining the defendant's immediate objection to the solicitor's remarks on the stated grounds of lack of evidence to support such remarks was tantamount to an instruction to disregard the argument.

APPEAL by defendant from *Clark, J.,* 15 July 1968 Session, DURHAM Superior Court.

The defendant and one John Morris O'Neill were jointly charged in a bill of indictment with the felony of robbery of $113.00 from Lewis Walker and the Dairy Farm Store with the threatened use

of firearms. John Morris O'Neill was not apprehended and defendant was placed on trial alone.

At the trial the State's evidence tended to show: That during the evening of 16 October 1967 Lewis Walker was alone operating the Dairy Farm Store at 944 Washington Street in Durham, North Carolina. About 9:30 p.m. Mr. Walker was in the act of dialing the number of a local bakery to place an order for delivery the following morning when the defendant and another came into the store. The store has an entrance on each side and the defendant came in through one side entrance and the other person came in through the other; both entering at approximately the same time. The person with the defendant pointed a pistol at Mr. Walker and jerked the telephone from its mount on the wall and threw it under the counter. The defendant took Mr. Walker into the bathroom and bound his hands and feet with lengths of baling wire. Defendant then took all of the money from Mr. Walker's billfold and all of the change from his pockets. The entire area was well lighted and Mr. Walker observed the defendant for about seven to eight minutes. Mr. Walker also observed the other person taking money from the cash register and placing it in a paper bag. A customer and his small daughter came into the store and defendant brought them into the bathroom, closed the door, and told them to stay there. After defendant and the other person left the store the customer untied Mr. Walker.

About 11:00 p.m. on 16 October 1967 the defendant and another person were picked up by a taxicab in front of Claudia's Grill in Durham, and were driven out Guess Road to Umstead Road where they got out of the taxicab in the country.

Mr. Walker had never seen the defendant before, but after looking through the police files for about one and one-half days, found a photograph of the defendant. The first time that Mr. Walker positively identified the defendant in person as one of those who had robbed him was while sitting in the courtroom at an earlier session at which the case had originally been scheduled for trial. The circumstances of this confrontation will be fully set out later in the opinion.

The defendant did not testify, but offered in evidence the depositions of seven witnesses taken in the State of New York. Each of these depositions tended to show that the defendant was in New York City continuously from some time in July 1967 until his return to North Carolina on 23 October 1967, one week after the date of the alleged offense charged against him.

The jury returned a verdict of guilty as charged. From the verdict, and judgment of imprisonment for a period of not less than twenty nor more than twenty-five years, defendant appealed.

*T. W. Bruton, Attorney General, by (Mrs.) Christine Y. Denson, Staff Attorney, for the State.*

*A. William Kennon for the defendant.*

BROCK, J.

The defendant was represented at his trial, and is represented for this appeal, by counsel appointed by the court. The County of Durham will pay for the printing of the record on appeal, for the reporter's transcript, and for printing defendant's brief.

[1]　The defendant brings forward three assignments of error. Assignment of error number one is stated as follows: "The court erred in allowing the State's witness, Lewis Walker, to make an in-court identification of the defendant in that it was the sole product of and rested entirely on a previous confrontation between the accused and the witness wherein the accused was submitted to the view of the witness in the absence of court-appointed or retained counsel."

During the direct examination of Lewis Walker, the solicitor asked him if he had seen the defendant the evening of 16 October 1967. At this point the defendant objected and Judge Clark allowed an examination of the witness out of the presence of the jury. The testimony of Lewis Walker upon this examination disclosed in substance the following: That immediately after the robbery he called the police and reported the incident. That he gave them a general description of the defendant. That after looking through the police picture files for about one and one-half days he found a photograph of defendant. That he did not see the defendant in person from the time of the robbery until he saw him in the courtroom on or about 22 February 1968 when the case was first scheduled for trial. That he was subpoenaed to court as a witness on or about 22 February 1968. That he went into the courtroom and took a seat in the spectator section. That he did not talk to the solicitor or any of the officers, and did not see any of the other State's witnesses. That while seated in the courtroom he saw the defendant enter a door to the courtroom and he immediately and positively recognized him as one of the persons who robbed him on 16 October 1967. That defendant was not announced before he entered, nor had his case been called by the solicitor. That defendant was not dressed in prison clothes or in any fashion to indicate that he was a prisoner. That no one

suggested to him that defendant was the one who robbed him. That as soon as he saw defendant enter the door he recognized him as one of the robbers. That some time later the case was called by the solicitor and the defendant stood up and announced that he did not have an attorney. That Judge C. W. Hall, who was presiding at that session, appointed counsel for the defendant and continued the case to a subsequent session. That the witness did not divulge to anyone the fact that he had recognized the defendant.

The defendant concedes in his brief that "nothing in the record indicates that the purpose of the confrontation was for identification purposes." However he argues that the circumstances warrant an inference that the action of the State was designed to give the witness an opportunity to make a positive identification of the accused. And further, that the accused being without counsel at the time, the in-court identification at the time of the trial was the product of an illegal identification process and therefore not admissible. Defendant cites *United States v. Wade*, 388 U.S. 218, 18 Law. Ed. 2d 1149; *Gilbert v. California*, 388 U.S. 263, 18 Law Ed. 2d 1178; *Stovall v. Denno*, 388 U.S. 293, 18 Law Ed. 2d 1199; and *State v. Wright*, 274 N.C. 84, 161 S.E. 2d 581, in support of his argument.

[1, 2]   The rationale underlying the decisions in the cases relied upon by defendant is that unfairness in the "lineup" or other arranged identification process may arise by exhibiting the accused so as to suggest his identity to the witness · and thereby obtain a positive identification from the witness which the witness will not later admit was indefinite or mistaken; and that the absence of counsel at this stage of the proceeding would prevent any effective cross-examination of the witness relative to the identification process. It was never intended by the decisions that the victim of, or witness to, a crime should have to keep his eyes closed from the time of the event until he is seated in the witness chair, except when the accused is accompanied by counsel. The recognition complained of by defendant was as unplanned and free of suggestion as though the witness had recognized the accused as he walked down the street. True, it occurred in the courtroom at a session of court to which the witness had been subpœnæd to testify in the trial of the accused; but there were others present, spectators, attorneys, witnesses, and defendants in other cases. There was nothing about the accused to suggest to the witness that he was the robber, except his person which the witness immediately recognized. There was no communication by the witness to any of the other witnesses, the officers, or the solicitor that he had recognized the defendant as one of the robbers; and there-

fore there was no compulsion upon the witness to "stick to his identification." None of the facts here present a case which falls within the rationale of *Wade, Gilbert, Stovall,* or *Wright.* This assignment of error is overruled.

[3]    Defendant next assigns as error that he was not allowed to cross-examine the State's witness, Lewis Walker, upon his failure to recognize the other robber in a lineup conducted in New York in an extradition proceeding. Judge Clark allowed such examination out of the presence of the jury but excluded it from consideration by the jury. The examination upon this question disclosed that Lewis Walker had stated from the outset to the investigating officers that he was not certain he could identify the other robber; that he had not had an opportunity to observe him as closely or for as long a period as he had observed this defendant. That when he went to New York in June 1968 to undertake an identification he told the judge there "I do not think I can make positive identification." That there were approximately twelve people standing against the wall in the judge's chambers, and the judge asked him if he saw one of the men there who held him up on 16 October 1967. That he told the judge "No, I don't think so." That the judge asked if he was sure and he told him that one of the men looked very much like one of the men and pointed to that one. That the judge stated "that is not him," and dismissed the proceeding.

With respect to this second robber the witness had stated from the beginning that he felt unable to identify him. The fact that he was unable to do what he had always felt he was unable to do seems to us to lend credence to his identification of the accused prior to that time. This failure to do what he had felt from the beginning that he could not do seems to us to have no bearing upon his ability to recognize the defendant with whom he was more directly involved at the time of the robbery. The testimony sought to be elicited by this examination was immaterial upon the question of the witness's ability to recognize this defendant, and its exclusion cannot, therefore, be held to be error. This assignment of error is overruled.

[4]    Defendant next assigns as error that the trial judge failed to instruct the jury to disregard certain argument by the solicitor which was not supported by any evidence.

The only evidence offered by the defendant was by way of seven depositions of witnesses taken in New York. These depositions tended to show that the defendant was in New York at the time of the alleged offense on 16 October 1967. During the course of his argument to the jury the solicitor referred to the depositions and stated that

there was no Bible present when the defense witnesses were sworn. Defense counsel immediately objected to this statement on the grounds there was no evidence to support such an argument. Judge Clark sustained this objection, stating there was no evidence in the record of such a state of facts. Counsel made no request for instruction to the jury to disregard this statement by the solicitor, and no specific instruction to this effect was given by the judge.

Defendant's objection was made and promptly sustained by the judge in the presence of the jury. Certainly the stopping of the solicitor's argument to the jury by lodging the objection, and the ruling of the judge, attracted the attention of the jurors. It is clear that the jurors were apprised that the solicitor's argument was without evidentiary foundation. Under these circumstances the sustaining of the defendant's objection and the statement by the judge in the presence of the jury was tantamount to an instruction to disregard the argument. Absent a specific request for further instruction, we hold that it was not prejudicial error in this case to fail to further instruct the jury to disregard the portion of the solicitor's argument which was the subject of the objection. This assignment of error is overruled.

No error.

BRITT and PARKER, JJ., concur.