STATE v. OGGIE LEE LANE.

(Filed 12 December 1962.)

**Constitutional Law § 31;   Criminal Law § 86—**

> The denial of motion for continuance made by the attorney appointed by the court to defend the defendant in a criminal prosecution and the forcing of defendant to trial on the afternoon of the same day the attorney was appointed entitles defendant to a new trial for the denial of his constitutional right of confrontation, which embraces an opportunity fairly to prepare and present his defense. Constitution of North Carolina, Art. I, §§ 11, 17; Fourteenth Amendment to the Constitution of the United States.

APPEAL by defendant from *Hobgood, J.,* March 1962 Criminal Term of DURHAM.

The forty-year-old defendant is a prisoner serving a sentence for assault in State Prison Camp No. 051. On March 26, 1962, the grand jury returned a true bill of indictment charging that on March 18, 1962, defendant had committed the crime against nature with a

sixteen-year-old boy, a prisoner confined in the same camp. When the case was called for trial at 9:30 a.m. on March 27, 1962, the presiding judge, on his own motion, appointed Mr. Wade Penny of the Durham Bar to represent the defendant without compensation. Immediately upon being appointed, counsel requested a continuance of the case. The request was denied. The trial began at 2:30 p.m. Counsel again moved for a continuance on the ground that he had not had an adequate opportunity to investigate and prepare the defense which defendant contended he had. The motion was again denied. The defendant entered a plea of not guilty and trial began. After hearing the evidence of the alleged victim and one other witness for the State, court recessed at 5:00 p.m. The trial was resumed at 9:30 a.m. on the next day, March 28th. The State completed its testimony at 10:30 a.m.

When the State rested, counsel for defendant moved for a mistrial on the premise that he had not had sufficient time to confer with witnesses for the defendant nor opportunity to ascertain if reliable medical opinion would corroborate the defendant's contention that a drug he had been taking, "an ingredient from a nose inhaler," had rendered him impotent. Counsel urged that considering defendant's criminal record (which included two previous convictions of the crime against nature), the penalty of "not less than five nor more than sixty years" provided by G.S. 14-177 for the offense charged, and "other adverse circumstances" confronting him, the allowance of only five hours for the preparation of the case resulted in a denial of defendant's right to counsel and the right of confrontation.

The judge denied the motion for a mistrial. He found as a fact that he had had all witnesses requested by the defendant brought into court and that there was no justification of the motion. Thereafter the defendant offered evidence and the State offered evidence in rebuttal. The trial was concluded on March 29, 1962. The verdict was guilty as charged. From a sentence of not less than twelve nor more than fifteen years, the defendant appealed.

*T. W. Bruton, Attorney General, G. A. Jones, Jr., Assistant Attorney General for the State.*
*Wade H. Penny, Jr., for defendant appellant.*

PER CURIAM. The defendant's only assignments of error are to the denial of his motions for a continuance and a mistrial. He contends that his request for a continuance was based on a right guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, sections 11 and 17 of the North Carolina Constitution.

Ordinarily, whether a case shall be continued rests in the sound discretion of the trial judge. "But when the motion is based on a

right guaranteed by the the Federal and State Constitutions, 14th Amend., U. S. Const., Art. I, sections 11 and 17, N. C. Const., the question presented is one of law and not of discretion, and the decision of the court below is reviewable." *State v. Farrell*, 223 N.C. 321, 26 S.E. 2d 322.

There is no statutory requirement in this jurisdiction that the court must appoint counsel for indigent defendants not accused of capital felonies. If counsel is requested and the circumstances show an apparent necessity for counsel to protect his rights, a defendant has the constitutional right to have counsel assigned him. Otherwise, the propriety of providing counsel for a person accused of an offense less than capital is in the discretion of the trial judge. *State v. Davis*, 248 N.C. 318, 103 S.E. 2d 289.

In this case the trial judge, presumably in recognition of an apparent necessity, of his own motion appointed counsel for defendant. Thereafter, the defendant and his counsel were entitled to a reasonable opportunity in the light of all the attendant circumstances to investigate, prepare, and present his defense. *State v. Speller*, 230 N.C. 345, 53 S.E. 2d 294. "The rule undoubtedly is, that the right of confrontation carries with it not only the right to face one's 'accuser and witnesses with other testimony' (sec. 11, Bill of Rights), but also the opportunity fairly to present one's defense." *State v. Farrell, supra*. On the record in the instant case, we cannot say that the defendant has had this opportunity. He has decided that he wants to assume the risks involved in a new trial. He is entitled to pursue his rights if so minded. *In re Taylor*, 229 N.C. 297, 49 S.E. 2d 749.

For the reasons indicated, it is ordered that there be a new trial.

New trial.