STATE OF NORTH CAROLINA v. JACK W. RIGSBEE

No. 24

(Filed 10 October 1974)

1. **Criminal Law § 91— motion for continuance — discretionary matter**

    A motion for continuance is ordinarily addressed to the sound discretion of the trial court, and its ruling thereon is not subject to review absent an abuse of discretion.

2. **Criminal Law § 91— motion for continuance — necessity for supporting affidavit**

    Continuances should not be granted unless the reasons therefor are fully established, and though there is no statutory requirement that an affidavit be filed showing the grounds for continuance, it is desirable that a motion for continuance be supported by such affidavit.

3. **Criminal Law § 91— motion for continuance to produce witness — denial proper**

    The trial court did not abuse its discretion in denying defendant's motion for continuance in order to produce a witness where the evidence showed that defendant's counsel had an opportunity to confer with his client and possible witnesses over a period of some three months, counsel had ample opportunity to prepare his defense, the name and address of a confidential informant were furnished defendant, and the case was continued until counsel could confer with her.

4. **Searches and Seizures § 4— item not listed in search warrant — plain view — seizure permissible**

    An item is lawfully seized even though it is not listed in a search warrant if the officer is at a place where he has a legal right to be and if the item seized is in plain view.

5. **Criminal Law § 84; Searches and Seizures § 4— search for marijuana — currency in plain view — admissibility**

    In a prosecution for possession of marijuana with intent to distribute and distribution, the trial court did not err in refusing to suppress currency seized during a search of defendant's home pursuant to a warrant listing only marijuana as the item sought where the evidence was sufficient to support the trial judge's finding that the currency was in plain view and that the search of the apartment was for marijuana and not for the currency.

6. **Criminal Law § 164— denial of motion for nonsuit at close of State's evidence — waiver of right to except**

    Defendant introduced evidence and by doing so waived his right to except on appeal to the denial of his motion for nonsuit at the close of the State's evidence. G.S. 15-173.

7. **Criminal Law § 164— sufficiency of evidence — review on appeal**

    Under G.S. 15-173.1 the sufficiency of the evidence of the State in a criminal case is reviewable upon an appeal without regard to whether a motion has been made pursuant to G.S. 15-173.

State v. Rigsbee

8. **Narcotics § 4— possession and distribution of marijuana — sufficiency of evidence**

In a prosecution for possession of marijuana with intent to distribute and distribution, evidence was sufficient to withstand defendant's motion for nonsuit where it included admissions by defendant that he smoked marijuana, that on the day in question he had four lids of marijuana in his possession, and that he sold three of the lids to an SBI agent for $60.

9. **Criminal Law § 163— assignment of error to charge — setting out proper charge**

Defendant's assignment of error to the trial court's charge on entrapment should have set out what the court should have charged.

Chief Justice BOBBITT not sitting.

ON *certiorari* to review the decision of the Court of Appeals, reported in 21 N.C. App. 188, 203 S.E. 2d 660 (1974), which found no error in the trial before *Canaday, J.*, at the 10 September 1973 Session of CUMBERLAND Superior Court.

Defendant was tried on a two-count bill of indictment charging him with possession of marijuana with intent to distribute and with distribution. From verdicts of guilty of both counts and sentences imposed, defendant appealed. The Court of Appeals affirmed, and we allowed *certiorari* on 4 June 1974.

The trial was originally scheduled for 10 September 1973. Prior to trial, defendant moved the court to order disclosure of the identity and the last known address of the confidential informant who had provided information to the State which led to defendant's arrest. The court ordered the State to disclose this information and continued the trial from 10 September 1973 to 13 September 1973, in order that defendant might have an opportunity to locate said confidential informant and to discover what, if any, favorable information she might provide the defendant. The informant, Mary Helen Allen, was located on the evening of 10 September 1973, and defense counsel conversed with her concerning her knowledge of the facts pertinent to the prosecution. The informant was served with a subpoena to appear in court on 13 September 1973.

At defendant's trial on 13 September 1973, the informant failed to appear. Defendant again moved for a continuance upon the grounds that the informant was an indispensable defense witness and that the defense would be irreparably injured by her absence from the trial. The court issued an *instanter capias ad testificandum* for her arrest, but denied defendant's motion

for further continuance. The trial proceeded without the witness.

The State's evidence tended to show that the defendant, a Fayetteville police officer, sold three lids of marijuana, each containing about twenty grams, to a special agent of the State Bureau of Investigation on 21 May 1973 at defendant's home at 5900 Monica Street, Fayetteville. The agent, who was accompanied by the informant, paid for the marijuana with $60 in marked bills. Later that evening, police officers arrested defendant and took him to the Fayetteville Police Department where a valid search warrant, specifically listing marijuana as the item sought, was read to him. The officers then returned with defendant to his home and searched the premises. Another single lid of marijuana, along with pipes and "other vegetable matter," was discovered during this search. The marked bills were also found on one of defendant's stereo speakers in the living room area, the tops of which speakers were six to seven feet off the floor.

*Attorney General Robert Morgan and Associate Attorney William Woodward Webb for the State.*

*Donald W. Grimes for defendant appellant.*

MOORE, Justice.

Defendant in his petition for *certiorari* brings forward four assignments of error. He first assigns as error the denial of his motion for a continuance based upon the absence of the witness Mary Helen Allen.

The crimes for which defendant was tried were alleged to have occurred on 21 May 1973. Defendant's counsel conferred with defendant in early or mid-June 1973, at which time he was informed of the substance of a conversation between defendant and a Negro female known to him at that time only as Helen. On 31 August 1973 defendant's counsel filed written motion for a disclosure by the State of the identity and address of this female who was alleged to be a confidential informant. This motion was allowed by the court, and the case was continued from 10 September 1973 to 13 September 1973, on defendant's motion, to enable him to locate the witness. Mary Helen Allen, the witness in question, was located on 10 September 1973, and defendant's counsel conferred with her concerning her knowledge of the facts pertinent to the charges against defendant.

At that time she was confined in the Cumberland County jail pending trial on 12 September 1973 on a charge of soliciting for prostitution. She was then served with a subpoena to appear in court on 13 September 1973. She failed to appear on 13 September, and an *instanter capias ad testificandum* was issued for her arrest. She was not found.

After finding the facts substantially as set out above, the trial court—after further finding that the trial had been delayed once for the sole purpose of allowing the defendant to locate Mary Helen Allen—overruled defendant's motion for a continuance.

[1] A motion for continuance is ordinarily addressed to the sound discretion of the trial court, and its ruling thereon is not subject to review absent an abuse of discretion. 2 Strong, N. C. Index 2d, Criminal Law § 91 (1967) ; *State v. Baldwin,* 276 N.C. 690, 174 S.E. 2d 526 (1970) ; *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617 (1968) ; *State v. Stinson,* 267 N.C. 661, 148 S.E. 2d 593 (1966).

[2] Continuances should not be granted unless the reasons therefor are fully established. Even though G.S. 1-175 and G.S. 1-176 that required an affidavit showing the grounds for continuance have now been repealed, we still think, as a general rule, it is desirable that a motion for continuance be supported by such affidavit. *State v. Cradle,* 281 N.C. 198, 188 S.E. 2d 296 (1972) ; *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972) ; *State v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520 (1948). No affidavit was filed in this case stating what Mary Helen Allen would have testified although defendant's counsel had talked to her just three days before the trial. It would have been an easy matter for counsel to have filed such an affidavit.

In the Court of Appeals defendant contended that the trial court abused its discretion in denying his motion for continuance until he could find and produce the witness Mary Helen Allen. Defendant, in this Court, for the first time, contends that the court's ruling amounted to a practical invalidation of his right under the Sixth Amendment to obtain witnesses by compulsory process, citing *Washington v. Texas,* 388 U.S. 14, 18 L.Ed. 2d 1019, 87 S.Ct. 1920 (1967). Although the constitutional question was not timely raised, we have considered it. *Washington* is distinguishable from the present case. In *Washington* the Court held that defendant was denied his constitutional

right to have compulsory process for obtaining witnesses in his favor where the State by statute prevented persons charged as principals, accomplices, or accessories in the same crime from testifying in behalf of one another while permitting such persons to testify in behalf of the prosecution. In the present case, a subpoena was issued for the witness, and on her failure to appear an *instanter capias ad testificandum* to compel her attendance was issued. She was not prevented by the State from testifying, but instead, if she had been found, she would have been brought into court as a witness, willingly or unwillingly. Defendant was denied no right to obtain the witness by compulsory process.

However, a motion for a continuance based on a right guaranteed by the Federal and State Constitutions presents a question of law, and the order of the court is reviewable. *State v. Cradle, supra; State v. Baldwin, supra; State v. Lane,* 258 N.C. 349, 128 S.E. 2d 389 (1962) ; *State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386 (1964). As stated in *State v. Cradle, supra:*

> "The right to the assistance of counsel and the right to face one's accusers and witnesses with other testimony are guaranteed by the Sixth Amendment to the Federal Constitution which is made applicable to the States by the Fourteenth Amendment, and by Article I, Sections 19 and 23 of the Constitution of North Carolina. The right to the assistance of counsel includes the right of counsel to confer with witnesses, to consult with the accused and to prepare his defense. [Citations omitted.]"

[3] The facts in this case show that defendant's counsel had an opportunity to confer with his client and possible witnesses over a period of some three months. During that time he had ample opportunity to prepare his defense. The name and address of the informant were furnished defendant, and the case was continued until counsel could confer with her. Under these facts, no abuse of discretion has been shown and no violation of defendant's constitutional rights to due process under the Sixth and Fourteenth Amendments has been established.

Defendant's first assignment of error is overruled.

Defendant next assigns as error the trial court's denial of his motion to suppress the $60 in marked bills that were seized during the search of his home and admitted into evidence over his objection. It is stipulated that the search was made

under a valid search warrant that listed only marijuana as the item sought.

The Fourth Amendment to the Constitution of the United States provides in part: ". . . no warrants shall issue, . . . but upon probable cause, . . . and particularly describing the place to be searched and the persons or things to be seized." The Fourth Amendment has been made applicable to the states by the Fourteenth Amendment. *Mapp v. Ohio,* 367 U.S. 643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684, reh. den. 368 U.S. 871, 7 L.Ed. 2d 72, 82 S.Ct. 23 (1961).

[4] In this case the money seized was not particularly described. However, an exception to the strict mandate of the Fourth Amendment is the "plain view rule." Under this exception, an item is lawfully seized even though it is not listed in the warrant if the officer is at a place where he has a legal right to be and if the item seized is in plain view. *Chimel v. California,* 395 U.S. 752, 23 L.Ed. 2d 685, 89 S.Ct. 2034, reh. den. 396 U.S. 869, 24 L.Ed. 2d 124, 90 S.Ct. 36 (1969); *Harris v. United States,* 390 U.S. 234, 19 L.Ed. 2d 1067, 88 S.Ct. 992 (1968); *State v. Carey,* 285 N.C. 509, 206 S.E. 2d 222 (1974); *State v. Allen,* 282 N.C. 503, 194 S.E. 2d 9 (1973).

The officers in the present case had a legal right to be in defendant's home, and there was ample evidence to support the court's finding that the money seized was in plain view of the officers. Before the money was introduced, a *voir dire* examination was held at the request of the defendant. The investigating officer testified: "I had looked behind the speaker for drugs and when I stepped back and looked up with the flashlight I saw what appeared to be currency on top of the speaker cabinet. . . . I had not been told that this [the currency] was one of the items that we were to search for." The court then asked Mr. Harrah: "Was it necessary for you to move or open any object in order to view or see these bills?" He answered: "No, sir. When I stepped away from the speaker, after searching behind it, the flashlight beam revealed what I thought was the currency, that's all there was to it." The court: "No physical items were moved in order to reveal the currency?" Answer: "No, sir. Not to reveal it." There is also evidence from the defendant that he heard one of the investigating officers make the statement when the currency was found that it was a "lucky find."

Defendant contends, however, that the money should have been suppressed under the decision of the United States Su-

preme Court in *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed. 2d 564, 91 S.Ct. 2022, reh. den. 404 U.S. 874, 30 L.Ed. 2d 120, 92 S.Ct. 26 (1971). Defendant bases his argument on that part of the *Coolidge* opinion (II-C) in which Mr. Justice Stewart, writing for the majority, states that discovery of items under the plain view rule must be "inadvertent." 403 U.S. at 469, 29 L.Ed. 2d at 585, 91 S.Ct. at 2040. It is noteworthy that only three Justices concurred with Mr. Justice Stewart in part II-C of the opinion. Mr. Justice Stewart said, at 403 U.S. 469-71, 29 L.Ed. 2d at 585-86, 91 S.Ct. at 2040:

> "The second limitation [on the plain view doctrine] is that the discovery of evidence in plain view must be inadvertent. The rationale of the exception to the warrant requirement . . . is that a plain-view seizure will not turn an initially valid (and therefore limited) search into a 'general' one, while the inconvenience of procuring a warrant to cover an inadvertent discovery is great. But where the discovery is anticipated, where the police know in advance the location of the evidence and intend to seize it, the situation is altogether different. The requirement of a warrant to seize imposes no inconvenience whatever, or at least none which is constitutionally cognizable in a legal system that regards warrantless searches as 'per se unreasonable' in the absence of 'exigent circumstances.' "

The inadvertence aspect of the *Coolidge* case has caused a good deal of controversy and confusion. *United States v. Bradshaw*, 490 F. 2d 1097, 1101 n. 3 (4th Cir. 1974); *The Supreme Court, 1970 Term*, 85 Harv. L. Rev. 237, 244 (1971). As said by Mr. Justice Black in a concurring and dissenting opinion in *Coolidge:* ". . . [T]he prior holdings of this Court not only fail to support the majority statement [respecting the requirement of inadvertence], they flatly contradict it. . . ." 403 U.S. at 506, 29 L.Ed. 2d at 606, 91 S.Ct. at 2058, citing *Ker v. California*, 374 U.S. 23, 10 L.Ed. 2d 726, 83 S.Ct. 1623 (1963); *Marron v. United States*, 275 U.S. 192, 72 L.Ed. 231, 48 S.Ct. 74 (1927). *See also* footnote 5 to Mr. Justice Black's concurring and dissenting opinion in *Coolidge*. As Professor Brandis stated in 1 Stansbury's North Carolina Evidence § 121a, p. 372 (Brandis Rev. 1973): "When an officer's presence at the scene is lawful (and at least if he did not anticipate finding such evidence), he may, without a warrant, seize evidence which is in plain sight and which he reasonably believes to be connected with the commission of a crime, even though the 'incident to arrest' doctrine

would not apply; and such evidence is admissible." In a footnote to this section Professor Brandis states: "The parenthetical clause in the text is inspired by *Coolidge v. New Hampshire,* 403 U.S. 443 (1971), to which are referred those readers possessing a capacity superior to that of this writer to determine what was decided by whom."

In the present case the investigating officer testified that he had not been told by his superiors that the money was one of the items he was to search for at defendant's home. The trial court found after the *voir dire* that "during the search of the defendant's apartment for marijuana, on May 21, 1973, [the officer] called the the attention of [another officer], to reveal the currency lying on top of a stereo speaker. . . ." Thus, the trial judge found that the officers were searching for marijuana at defendant's apartment. In fact, the officers found another complete lid and some pipes and some "other vegetable matter."

[5] There is ample evidence in the record to support not only the trial judge's finding that the currency was in plain view but also his finding that the search of the apartment was for marijuana and not for the currency. As Justice Higgins, writing for this Court, stated in *State v. Accor* and *State v. Moore,* 281 N.C. 287, 291, 188 S.E. 2d 332, 335 (1972): "It is well established in North Carolina that findings of fact made by the trial judge and conclusions drawn therefrom on the *voir dire* examination are binding on the appellate courts if supported by evidence." *Accord, State v. Austin,* 276 N.C. 391, 172 S.E. 2d 507 (1970); *State v. Wright,* 274 N.C. 380, 163 S.E. 2d 897 (1968).

We, therefore, contrary to defendant's contention, hold that the trial judge did not err in failing to suppress the money discovered in plain view in the defendant's apartment.

[6, 7] Defendant next assigns as error the denial of his motion for nonsuit at the close of the State's evidence. Defendant introduced evidence, and by doing so waived his right to except on appeal to the denial of his motion for nonsuit at the close of the State's evidence. G.S. 15-173. His exception to the denial of his motion for nonsuit made at the close of all the evidence raises the question of the sufficiency of all the evidence to go to the jury. *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1970); *State v. Robbins,* 275 N.C. 537, 169 S.E. 2d 858 (1969). Under G.S. 15-173.1 the sufficiency of the evidence of the State in a criminal case is reviewable upon an appeal without regard to whether a motion has been made pursuant to G.S. 15-173.

As stated in *State v. Johnson,* 199 N.C. 429, 431, 154 S.E. 730, 731 (1930), ". . . [I]f there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury." Or, as Justice Higgins said in *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431 (1956), ". . . [T]here must be substantial evidence of all material elements of the offense to withstand the motion to dismiss."

[8] On motion for nonsuit, only the evidence favorable to the State is considered, and contradictions and discrepancies, even in the State's evidence, are for the jury and do not warrant nonsuit. *State v. Price,* 280 N.C. 154, 184 S.E. 2d 866 (1971); *State v. Murphy,* 280 N.C. 1, 184 S.E. 2d 845 (1971). Considering all the evidence in the light most favorable to the State, as we are required to do, we think the facts here disclosed constitute ample evidence of defendant's guilt. Defendant admitted that he smoked marijuana, and that on the day in question he had four lids of marijuana in his possession. He also admitted that he sold three of these to Curtis Douglas for $60. This is sufficient evidence to withstand defendant's motion for judgment as of nonsuit. His evidence in defense was for the jury. This assignment of error is overruled.

[9] Finally defendant contends the trial court erred by failing to properly charge the jury with regard to the defense of entrapment. Defendant does not set out in this assignment what the court should have charged. We have held, interpreting Rule 19 of the Rules of Practice in the Supreme Court, that "assignments of error to the charge should quote the portion of the charge to which the appellant objects, and assignments based on failure to charge should set out appellant's contention as to what the court should have charged." *State v. Kirby,* 276 N.C. 123, 131, 171 S.E. 2d 416, 422 (1970). *State v. Baldwin, supra; State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736 (1965).

Despite the failure of the defendant to set out what the court should have charged, we have carefully examined the entire charge. The only evidence offered on entrapment was defendant's statement: "After persuasion and threats I did give the three bags of marijuana to Curtis Douglas. . . . The persuasions and threats were made by the confidential informant Mary Helen Allen." Defendant had known Mary Helen Allen for some time. He testified that he had known for a month

or two that she was a prostitute. She had been in his home on at least two occasions before the night in question, and on one of these occasions he had smoked marijuana with her.

Considering all the evidence, defendant received all the instructions on the law of entrapment to which he was entitled. This assignment of error is overruled.

Examination of the entire record discloses that defendant has had a fair trial free from prejudicial error. The decision of the Court of Appeals is affirmed.

Affirmed.

Chief Justice BOBBITT not sitting.