STATE OF NORTH CAROLINA v. CHARLIE SMATHERS

No. 112

(Filed 6 May 1975)

1. Criminal Law § 91— motion for continuance — constitutional grounds — appellate review

Ordinarily, a motion for continuance is addressed to the sound discretion of the trial judge and his ruling is not subject to review on appeal in the absence of gross abuse; but when the motion is based on a right guaranteed by the Federal and State Constitutions, the question presented is one of law and not of discretion, and the decision of the court is reviewable on appeal.

2. Constitutional Law § 31; Criminal Law § 91— motion for continuance — trial on day indictment returned — warrant charging different crime — time to prepare defense

The denial of defendant's motion for continuance of a first degree burglary case deprived defendant of the opportunity fairly to prepare and present his defense where the case was called for trial on the same day the indictment was returned charging defendant with feloniously breaking and entering an occupied dwelling in the nighttime with intent to commit larceny, the warrant upon which defendant was arrested charged only the misdemeanor of breaking and entering for the purpose of threatening to kill an occupant of the dwelling, the judge's finding at the preliminary hearing was that probable cause had been shown that "a crime" had been committed, and the motion was based on the absence of unsubpoenaed witnesses who were allegedly in court at the beginning of the session a few days prior to defendant's trial.

3. Criminal Law § 91— motion for continuance — absence of witnesses — insufficient showing

Counsel's statement to the court in support of his motion to continue the trial because of the absence of alibi witnesses was insufficient where neither the names of the witnesses nor the substance of their expected testimony was divulged.

4. Criminal Law § 91— motion for continuance — absence of unsubpoenaed witnesses

Ordinarily the absence of witnesses upon whom a subpoena could have been served will not constitute ground for continuance.

State v. Smathers

APPEAL by defendant under G.S. 7A-27(a) from *Friday*, *J.*, 11 November 1974 Session of the Superior Court of HAY-WOOD.

The two-week session of the Superior Court of Haywood County, which was scheduled to begin on Monday, 11 November 1974, convened on Tuesday, 12 November 1974. On 14 November 1974 the grand jury returned a bill of indictment which charged that during the nighttime about 1:00 a.m. on 19 June 1974, defendant did feloniously and burglariously break and enter the dwelling of Marion Burgess, then occupied by Marion Burgess, with the felonious intent to steal, take and carry away the goods and chattels of Marion Burgess "and with the felonious intent to commit an assault with intent to kill the said Marion Burgess. . . ."

On the same day the bill of indictment was returned the solicitor for the State called the case for trial. Defendant, through his court-appointed counsel, John I. Jay, moved for a continuance upon the ground that his defense was an alibi and he was unprepared for trial because of the absence of material witnesses whose testimony would establish his alibi. Counsel explained their absence as follows: "[T]hese persons were residents of the State of South Carolina—we issued no subpoenas. They were here at the beginning of the week and they indicated that they would voluntarily be here for trial. We attempted to contact them and have been unable to contact them through the week." He asked "the Court's indulgence to get the witnesses here" because "[t]his is a very serious matter, which could lead to his [defendant's] imprisonment for life. . . ."

The solicitor resisted the motion to continue on the grounds that defendant had been arrested on 30 June 1974 upon a warrant dated 29 June 1974; that he had been given a preliminary hearing on 19 July 1974 in the district court, which ordered him to give bond in the amount of $2,500.00 for his appearance at the November 1974 session of Haywood; that defendant remained in jail for want of bond; that the trial calendar for the November session had been filed with the Clerk of the Superior Court for more than 10 days prior to the session; that the absent witnesses were not under subpoena; and that defendant had filed no "affidavit as to what any witness would testify."

Upon Judge Friday's denial of his motion to continue defendant excepted and entered a plea of not guilty. The trial then proceeded.

The evidence for the State consisted of the testimony of Marion Burgess, aged 39, and of his son, Michael Edward Burgess, aged 13. Their testimony tended to show:

On the night of 19 June 1974 Burgess was at his home in the Hemphill section of Haywood County with his son Michael. The two were in bed asleep when, between 12:30 a.m. and 1:00 a.m., defendant gained entrance to the house by reaching through a broken pane covered with cardboard and unlocking the door from the inside. The sound awakened Burgess. Defendant, whom Burgess knew at that time, struck a match, turned on the light, and "laid" a .22 pistol on him. He pointed the gun at him "between his eyes" and told him if he moved he would shoot his brains out and that there were two more outside with shotguns. After a while defendant put the pistol back in the holster and asked Michael to make some coffee and to get him some .22 shells. Michael complied with both requests because, he said, he was afraid. When defendant got ready to leave he picked up a flashlight "worth $2.00 and something" and took it with him, along with the shells, "worth $1.00 and something."

Defendant testified "that he had been living in Greenville, South Carolina; that he did not particularly recall the night of the 19th of June 1974, but he knows that he was in Greenville, South Carolina, on that night and that he denies the accusations made against him."

The above summary encompasses defendant's statement of the evidence set out in his case on appeal. Seemingly counsel prepared the summary without the assistance of a stenographic transcript of the trial. However, the record shows a 50-day extension of time in which to serve the case on appeal, and the inclusion of the judge's charge verbatim shows clearly that the transcript was at hand. The following statement of evidence, which does not appear in defendant's summary, is taken from the judge's charge.

"Burgess said on cross-examination that he had known the defendant, and that he had drunk with him, and that he had seen him, that is, the defendant, drinking; and that the defendant had dated his daughter; that the defendant entered his

home in the nighttime and put him in fear on this 19th of June, 1974; and that he made complaint of this incident on the 29th of June, 1974; that he did not see the defendant between the 19th and the 29th; Mr. Burgess said that he did have a telephone in his home at this time; he said that he knew that the law was looking for the defendant and that the law would get him, and that was the reason for the ten-day delay; he said that he didn't aim to bother him if he hadn't come back on him; that Burgess was afraid of the defendant, because he was afraid that he would kill him; he said that his home was located about two hundred yards from the road, and that he woke up when the defendant came through the door.

\* \* \*

"Mr. Smathers testified that he lived in Greenville, South Carolina; that on this night he was in Greenville, South Carolina, with his mother and sister, and nephew and children, and for the last two weeks he had been here in Haywood County, in jail; that on 29 June, 1974 he was in Waynesville with his mother and walking down the street and that he saw Burgess; that he had seen him before, two years prior to this time; that he had got drunk in his home; he said that Burgess had accused him of having a relationship with his wife; Smathers said that he did not own a pistol, that he had never owned a pistol; that he did not break into Burgess' house, that he was not guilty of this, and that he knew nothing about any pistol or any gunshots, or about breaking into the house; he did not push open any door to go in the house, and did not go in any door; he said that he had been convicted of nonsupport; larceny; that he had some traffic violations; of unlawful restraint; assault and public drunk."

In his charge the judge instructed the jury that in order to convict defendant of first degree burglary they must be satisfied beyond a reasonable doubt that during the nighttime, and while it was actually occupied, defendant broke and entered the Burgess dwelling with the intent to commit the felony charged in the indictment, that is, larceny. The judge treated as surplusage, and did not mention, the fact that the indictment also charged that defendant broke and entered the Burgess dwelling with "the felonious intent to commit an assault with intent to kill the said Marion Burgess."

Upon the jury's verdict, "guilty as to Burglary in the first degree, as charged in the Bill of Indictment," the court imposed

the mandatory sentence of life imprisonment, and defendant appealed.

*Rufus L. Edmisten, Attorney General, and Roy A. Giles, Jr., Assistant Attorney General, for the State.*

*John I. Jay and I. C. Crawford for defendant appellant.*

SHARP, Chief Justice.

Appellant's brief does not purport to comply with Rule 28 of the Rules of Practice in the Supreme Court of North Carolina. However, since defendant appeals a life sentence, we refrain from dismissing the appeal and consider his only assignment of error which suggests merit. This assignment is that "the trial court erred in not allowing defendant's motion for a continuance."

[1] The rule is firmly established that ordinarily a motion for continuance is addressed to the sound discretion of the trial judge and his ruling is not subject to review on appeal in the absence of gross abuse. But when the motion is based on a right guaranteed by the Federal and State Constitutions, the question presented is one of law and not of discretion, and the decision of the court below is reviewable.

"The authority to rule a defendant to trial in a criminal prosecution attaches only after the constitutional right of confrontation has been satisfied. The question is not one of guilt. Nor does it involve the merits of the defense he may be able to produce. It is whether the defendant has had an opportunity fairly to prepare his defense and present it. . . . The law must first say where the line of demarcation is and on which side the case falls. Constitutional rights are not to be granted. or withheld in the court's discretion.

" 'The rule undoubtedly is, that the right of confrontation carries with it not only the right to face one's "accuser and witnesses with other testimony" [N. C. Const. art. I, § 23 (1971)], but also the opportunity fairly to present one's defense.' " *State v. Farrell*, 223 N.C. 321, 326-327, 26 S.E. 2d 322, 325 (1943). *See State v. Cradle*, 281 N.C. 198, 188 S.E. 2d 296 (1972) ; *State v. Lane*, 258 N.C. 349, 128 S.E. 2d 389 (1962).

[2] The specific question presented is whether the denial of defendant's motion for a continuance deprived him of his rights

under N. C. Const. art. I, § 23 (1971) to be informed of the accusation against him and to confront his accusers and the witnesses against him with other testimony.

We note first that the warrant which Burgess swore out on 29 June 1974—ten days after the alleged burglary—charged that between midnight and 1:00 a.m. on 19 June 1974 defendant feloniously broke and entered the occupied Burgess dwelling "with the intent to commit a felony therein, To-Wit, *threatening to kill the said Marion Burgess.*" (Emphasis added.) The warrant did not charge that the breaking and entering alleged was with the intent to commit larceny. We also note that at the "Probable Cause Hearing" the judge's finding was that "sufficient evidence has been presented to establish probable cause that *a crime* has been committed." (Emphasis added.)

Defendant correctly contends that the warrant which charged him with breaking and entering for the purpose of *threatening to kill* Marion Burgess charged only a misdemeanor under G.S. 14-54(b) ; that a mere oral threat to kill, unaccompanied by any assault, is neither a felony nor a crime. In his brief he asserts he received his first notice that he was charged with breaking and entering with intent to commit larceny when the indictment was returned on the day of the trial; that prior thereto he had reasonably believed he would be tried in the Superior Court upon a misdemeanor charge; that instead, he was tried for a felony which, until 8 April 1974, had been a capital crime; and that he was forced into a trial for which he was not allowed sufficient time to prepare his defense.

[3] Counsel's statement to the court in support of his motion to continue the trial because of the absence of witnesses to corroborate defendant's alibi was lacking in specificity and unsatisfactory. *See State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974). Neither the names of the witnesses nor the substance of the testimony they were expected to give was divulged. The only information imparted was that they were residents of South Carolina. For that reason alone elementary precaution would have required that they be subpoenaed on the day they were in the jurisdiction of the court.

[4] Ordinarily the absence of witnesses upon whom a subpoena could have been served will not constitute a ground for continuance. However, as counsel perceived when this case was called for trial, it involved "a very serious matter, which could

lead to his [defendant's] imprisonment for life." We also note: (1) The solicitor did not question counsel's statement that witnesses had come from South Carolina "at the beginning of the week." (2) Defendant himself was in jail and dependent upon others to subpoena his witnesses. (3) The record discloses counsel's knowledge that the witnesses were at court at the beginning of the week but it does not show that defendant knew of their presence. (4) Defendant was tried on Thursday and Friday of the first week of a two-week session.

[2]     Under the circumstances, as disclosed by this record, we hold that defendant has not had an opportunity fairly to prepare and present his defense. Therefore, the judgment below is vacated and a new trial is ordered.

New trial.