STATE OF NORTH CAROLINA v. FRED DAVIS

No. 7720SC214

(Filed 3 August 1977)

1. Criminal Law § 66.6— in-court identification — pretrial lineup

The evidence on *voir dire* supported findings by the court that a pretrial lineup at which a robbery victim identified defendant was not impermissibly suggestive and that the victim's in-court identification was of independent origin and not tainted by the lineup identification.

2. Criminal Law § 66.19— lineup — voir dire — reversal of ruling on evidence

Defendant was not prejudiced when the court sustained the State's objection to a line of questions defense counsel asked a deputy sheriff on *voir dire* concerning counsel's objections to police officers about a lineup at the time it was conducted where the court thereafter reversed its ruling limiting counsel's questioning of the officer on *voir dire*.

3. Criminal Law § 66.5— lineup — poor quality of photograph — right to counsel

Defendant was not denied his right to counsel at a lineup because of the poor quality of a police photograph of the lineup where counsel was present during the entire lineup procedure and made frequent suggestions and criticisms to the conducting officers.

4. Constitutional Law § 68; Criminal Law § 91.7— absence of subpoenaed alibi witness — denial of continuance — right to present defense

Defendant was denied the opportunity to prepare and present his defense by the denial of his motion for continuance made on the ground of the absence of his sole alibi witness where the court denied the motion because the clerk's file showed no return of service of a subpoena on the witness when in fact the witness had been subpoenaed, but the return had not worked its way through the administrative machinery to the clerk's file at the time the motion was made.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 19 November 1975 in Superior Court, STANLY County. Heard in the Court of Appeals 29 June 1977.

Defendant was charged by indictment in proper form with attempted armed robbery. He entered a plea of not guilty and was convicted by a jury on the charge. Judgment was entered thereon sentencing defendant to imprisonment for a term of 25 to 30 years.

The State introduced evidence which tended to show that on 21 July 1975, Faye C. Blalock was working in Blalock's Grocery Store in the Cottonville area of Stanly County. At approximately 6:00 that afternoon, two young black men, whom Blalock identified as defendant and Chester Melton, entered the store. Defendant asked for cigarettes and a soft drink. When Blalock turned around to give them to him, defendant pointed a sawed-off shotgun at her and announced "This is a hold-up." Blalock replied "Oh, no, it's not," turned, and ran screaming from behind the counter out of the store. She looked back and saw the defendant and Melton also running away from the rear of the store.

Chester Melton testified that he was charged with attempted armed robbery with defendant in the case. Melton saw defendant on the morning of 21 July 1975 at Melton's sister's house in Charlotte. Defendant told Melton "he wanted to pull a job." They went to Cottonville where defendant gave Melton a gun. Defendant carried a sawed-off shotgun concealed in the sleeve of the jumpsuit he was wearing, and the pair entered Blalock's grocery. Defendant asked the woman behind the counter for some cigarettes and a soft drink. While she turned to get the items he requested, defendant produced the shotgun and pointed it at her. She ran out the front of the store. Defendant asked Melton where the cash register was located, and Melton falsely replied he did not know, whereupon they ran out the back door to their car.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Gerald R. Chandler for defendant appellant.*

MORRIS, Judge.

Prior to Blalock's in-court identification of defendant, a voir dire was conducted. On voir dire, Blalock testified that the

two men entered her store at approximately 5:50 p.m. on 21 July 1975; that the store was illuminated by 12 ceiling lights as well as by outside light coming through the store's windows; that the door through which the men entered was located six or seven feet from her position; that she could see the faces of both men; that defendant came within two feet of her; that the men were in the store six or seven minutes; that she had no difficulty in seeing the men's faces; that she identified defendant from a lineup of six men; that she recognized defendant from his eyes and the shape of his face; and that her in-court identification of defendant was based solely upon defendant's appearance at the time of the robbery attempt.

Defendant's evidence on voir dire tended to show that his attorney was present at the lineup; that Blalock had described the robber as 20-25 years of age, 6'-6'2" tall, wearing a green jumpsuit, with plaited hair, heavy sideburns and a moustache; that defense counsel made certain objections to the makeup of the lineup, particularly as to the height and head and facial hair of some of the suspects; that a photograph was taken of the lineup; that the quality of the photograph was very bad due to defective film; and that the six young black males in the lineup were 6'1/2", 160 pounds; 5'10", 160 pounds; 6'2", 180 pounds, 6'2", 170 pounds; 5'11", 160 pounds; and 6'1", 160 pounds, respectively.

At the conclusion of the evidence, the trial court made findings of fact and concluded " . . . that the witness' in-court identification of the defendant was based solely on her observation of the defendant at the time he came into her store and that the lineup was not impermissibly suggestive or otherwise tainted as to affect her independent observation of the defendant at the time of the alleged crime." It then ordered that Blalock's in-court identification of defendant be admitted into evidence.

[1]  By assignments of error numbered 2, 9(a), and 10, defendant contends that the trial court erred in allowing Blalock's in-court identification of defendant on the grounds that it was based primarily on an impermissibly suggestive lineup procedure. We disagree.

"When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the

State v. Davis

background facts to determine whether the proffered tes-
timony meets the tests of admissibility. When the facts so
found are supported by competent evidence, they are con-
clusive on appellate courts. (Citations omitted.)" *State v.
Tuggle,* 284 N.C. 515, 520, 201 S.E. 2d 884, 887 (1974).

In the present case, the trial court's findings were sup-
ported by competent evidence and are binding on this Court.
Moreover, the evidence clearly shows that Blalock had ample
opportunity to observe and identify the robber, that her in-court
identification was of independent origin and that the pretrial
lineup was not so impermissively suggestive as to abridge de-
fendant's constitutional rights. These assignments are overruled.

[2]   During the lineup proceedings, defense counsel made vari-
ous objections to the police officers concerning what he alleged
to be suggestive procedures which they employed. On voir dire,
counsel attempted to question a deputy sheriff as to his (coun-
sel's) conversation and objections to the officers at the lineup.
The State, while conceding defendant's right on voir dire to
cross-examine the officers fully concerning the lineup pro-
cedures and the appearances of the suspects, objected to the
line of questioning on the grounds that counsel's own thoughts
at that time were incompetent. The court sustained the State's
objections. By his 8th assignment of error, defendant contends
that the trial court erred in so limiting counsel's interrogation
of the witness on voir dire. Again, we disagree. The record
reveals that subsequently during the voir dire, the trial court
reversed its ruling limiting counsel's questioning of the officer.
Thus, defense counsel had a full and fair opportunity to interro-
gate the officer concerning the alleged improprieties in the
lineup procedure. Consequently, defendant's rights have not been
prejudiced thereby. This assignment is overruled.

[3]   By assignment of error numbered 9 (b), defendant argues
that his right to counsel at the lineup was denied by virtue of
the State's failure to provide an adequate photograph of the
lineup. This argument is feckless. It is true that a person against
whom criminal charges have been formally brought is consti-
tutionally guaranteed counsel at an in-custody lineup, and that,
absent waiver thereof, when counsel is not present at the lineup,
testimony of the identification of the accused at the lineup is
rendered inadmissible. *Kirby v. Illinois,* 406 U.S. 682, 32 L.Ed.
2d 411, 92 S.Ct. 1877 (1972) ; *United States v. Wade,* 388 U.S.

218, 18 L.Ed. 2d 1149, 87 S.Ct. 1926 (1967); *Gilbert v. California,* 388 U.S. 263, 18 L.Ed. 2d 1178, 87 S.Ct. 1951 (1967); *State v. Harris,* 279 N.C. 177, 181 S.E. 2d 420 (1971). The rationale of this rule is that

" . . . unfairness in the 'lineup' or other arranged identification process may arise by exhibiting the accused so as to suggest his identity to the witness and thereby obtain a positive identification from the witness which the witness will not later admit was indefinite or mistaken; and that the absence of counsel at this stage of the proceeding would prevent any effective cross-examination of the witness relative to the identification process." *State v. Hunsucker,* 3 N.C. App. 281, 284, 164 S.E. 2d 507, 509 (1968).

Where counsel is present at a lineup, his role is that of observer as well as advocate so that any impermissibly suggestive procedures, if not corrected, may be identified and exposed at trial through effective examination and cross-examination of witnesses. The key factor is the presence of the attorney during the identification proceedings. *E. g., State v. Brown,* 280 N.C. 588, 187 S.E. 2d 85, *cert. den.,* 409 U.S. 870, 34 L.Ed. 2d 121, 93 S.Ct. 198 (1972). Defendant does not cite, and research does not reveal, any authority to support his position that the poor quality of a police photograph constitutes a denial of effective assistance of counsel. The uncontroverted facts are that counsel was present throughout the entire identification process and that he made frequent suggestions and criticisms to the conducting officers. Under these circumstances, we believe, and so hold, that defendant suffered no denial of his constitutionally-protected right to counsel. This assignment is overruled.

[4] The trial of this case began on Monday, 17 November 1975, and continued through the next day. The State rested its case at approximately 10:20 Tuesday morning. Defendant's sole witness was to have been Wilbert Davis, who according to defense counsel, would have testified that defendant was with him at the time of the attempted robbery. Defendant issued a subpoena for Davis' appearance on 12 November, and the subpoena was served on Davis on 13 November. Davis was in court on 17 November, the first day of the trial, but did not return the following day. Thus, when the State rested its case, Davis was not present to testify as to defendant's alibi. When Davis' absence was discovered, defendant moved for a mistrial or, alter-

State v. Davis

natively, for a continuance. The trial court conducted an inquiry outside the presence of the jury and determined that the clerk's file contained no return of the subpoena to show service upon Davis. Although the record is unclear, it appears that the return had not worked its way through the administrative machinery to the clerk's file by the morning of 18 November and did not do so for several days. The trial court found that the witness was absent, issued an instanter subpoena and denied defendant's motions. Defendant presented no evidence. After receiving the court's charge, the jury retired at 11:52 a.m. on 18 November and returned with a verdict of guilty at 12:07 that afternoon.

By his 21st assignment of error, defendant contends that the trial court erred in denying his motions for a mistrial or continuance. We are constrained to agree.

A motion for a continuance is ordinarily addressed to the sound discretion of the trial court, and its ruling thereon will not be reviewed on appeal absent an abuse of discretion. *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974). "But when the motion is based on a right guaranteed by the Federal and State Constitutions, the question presented is one of law and not of discretion, and the decision of the court below is reviewable." *State v. Smathers,* 287 N.C. 226, 230, 214 S.E. 2d 112, 114-15 (1975). The right to assistance of counsel and the right to face one's accusers and witnesses with other testimony are guaranteed by the Sixth Amendment to the United States Constitution and applicable to the States by the Fourteenth Amendment. This right includes the right to present one's defense. *State v. Smathers, supra; State v. Lane,* 258 N.C. 349, 128 S.E. 2d 389 (1962).

In the present case, defendant's entire defense was predicated upon Davis' alibi testimony. Without it, defendant was prevented from putting on any defense. Moreover, defendant took all possible steps to secure Davis as a witness. In this situation, we hold that defendant was denied the opportunity to prepare and present his defense. The trial court should have granted defendant's motion for a continuance, and its failure to do so constitutes prejudicial error. Accordingly, there must be a

New trial.

Judges PARKER and CLARK concur.