State v. Davis

STATE OF NORTH CAROLINA v. FRED DAVIS
No. 7820SC128

(Filed 11 July 1978)

1. Criminal Law § 66.16— in-court identification—lineup not impermissibly suggestive—independent origin

The trial court properly admitted a robbery victim's in-court identification of defendant where the evidence on voir dire supported the trial court's findings that the witness had ample opportunity to observe the defendant at close range in well-lighted circumstances with nothing obstructing her view or covering defendant's face, the witness previously identified defendant in a lineup at which defendant was represented by counsel, and all individuals in the lineup were similar to each other in age, build and dress, and the findings supported the court's conclusions that the lineup was not impermissibly suggestive and that the in-court identification was of independent origin based solely on what the witness observed during the crime.

2. Robbery § 5.4— attempted armed robbery—refusal to submit common law robbery—real or toy gun

The trial court in a prosecution for attempted armed robbery was not required to submit the lesser offense of attempted common law robbery because of the failure of the State's witnesses to testify that the sawed-off shotgun used by defendant was not a toy, and the court did not err in refusing to submit an issue as to attempted common law robbery where all of the evidence indicated that defendant used a sawed-off shotgun in the crime and there was no evidence that the shotgun was not a real and functioning deadly weapon.

3. Robbery § 6— improper verdict—subsequent acceptance of proper verdict

The trial court in a prosecution for attempted armed robbery did not err in accepting the verdict after the jury foreman first indicated that the jury found defendant "guilty of attempted firearm" where the court did not accept the verdict until it was in the proper form and indicated that the jury found defendant guilty of attempted robbery with a firearm.

4. Criminal Law § 138.1— more lenient sentence for accomplice

A sentence of not less than twenty-five nor more than thirty years imposed on defendant for attempted armed robbery did not constitute cruel and unusual punishment or a penalty for defendant's not guilty plea because an accomplice who previously pled guilty to the same offense received a sentence of only ten years where the evidence revealed that defendant was the dominant of the two persons committing the crime, and he was closer to the victim, directed the course of the robbery and personally pointed a sawed-off shotgun at the victim's face from very close range.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 14 September 1977 in Superior Court, STANLY County. Heard in the Court of Appeals 31 May 1978.

The defendant was indicted for the felony of attempted robbery with dangerous weapons and entered a plea of not guilty. The jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of not less than twenty-five years nor more than thirty years, the defendant appealed.

The State offered evidence tending to show that on 21 July 1975 Faye Blalock was working alone in Blalock's Grocery in Stanly County. She was behind the counter at approximately 5:55 p.m. when the defendant and another man entered the store. One of the men asked her for cigarettes and a soft drink. She turned her back to the defendant and the other man in order to get the cigarettes. When she turned back toward the men, the defendant, Fred Davis, was standing directly across the counter from her pointing a sawed-off shotgun into her face. The other man was standing at the end of the counter pointing a pistol at her. The defendant then stated, "This is a holdup." The witness Blalock then screamed and ran from the store. The witness had never had any difficulty with her vision and had an unobstructed and well-lighted view of the defendant at the time of the robbery.

The State's evidence also tended to show that the defendant was seen by Orrin Colson at the store at the time of the robbery. Colson entered into a conversation with the defendant at that time and positively identified him as being present at the store.

The defendant offered evidence tending to establish the defense of alibi. Such evidence was offered both through his own testimony and that of others.

Other facts pertinent to this appeal are hereinafter set forth.

*Attorney General Edmisten, by Associate Attorney Sarah Lee Fuerst, for the State.*

*Gerald R. Chandler for defendant appellant.*

MITCHELL, Judge.

[1] The defendant first assigns as error the failure of the trial court to exclude the in-court identification of the defendant by the witness Blalock. This assignment is without merit.

Upon timely objection by the defendant, the trial court conducted a voir dire to determine the admissibility of the witness' identification of the defendant. Based upon competent evidence, the trial court found the witness had ample opportunity to observe the defendant at close range in well-lighted circumstances with nothing obstructing her view or covering the defendant's face. The trial court also found the witness had previously identified the defendant in a lineup at which the defendant was represented by counsel who was present at all times pertinent. One person was excused from the lineup at the request of the defendant's counsel, and all individuals in the lineup were similar to each other in age, build, and dress. Based upon these findings and others, the trial court concluded that the lineup was not impermissibly suggestive. The trial court additionally concluded that the in-court identification of the defendant by the witness was of independent origin based solely upon what she actually observed during the attempted robbery and was not the result of any out-of-court confrontation or identification procedure. The evidence introduced on voir dire completely supported the trial court's findings of fact which fully justified its conclusions. Therefore, the findings of fact and conclusions drawn therefrom are conclusive and binding upon appeal. *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1974); *State v. Davis*, 33 N.C. App. 736, 236 S.E. 2d 722 (1977).

[2]  The defendant next assigns as error the trial court's denial of his motion that the jury be instructed upon the law of attempted common law robbery and permitted to consider it as a possible lesser included offense of attempted robbery with a dangerous weapon. In support of this assignment, the defendant contends that the failure of the State's witnesses to testify that the sawed-off shotgun used by the defendant was not a toy required such an instruction permitting the jury to consider the lesser included offense. We do not agree.

All of the evidence introduced indicated that the defendant committed a robbery with a sawed-off shotgun. There was no evidence indicating that the sawed-off shotgun was other than a real and functioning deadly weapon. Thus, there was no evidence tending to show an attempted common law robbery. Therefore, the trial court properly declined to instruct on attempted common law robbery or to permit the jury to consider returning a verdict

on that lesser offense. *State v. Evans*, 25 N.C. App. 459, 213 S.E. 2d 389 (1975); *see also State v. Davis*, 242 N.C. 476, 87 S.E. 2d 906 (1955); *and State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545 (1954).

[3] The defendant also assigns as error the trial court's accept-ance of the jury's verdict as a verdict of guilty. The foreman, in attempting to return the verdict, first indicated that the jury found the defendant "guilty of attempted firearm." The defendant contends that this was tantamount to a verdict of not guilty.

The foreman did experience difficulty in announcing a proper verdict. The trial court did not accept the verdict, however, until it was proper in form and indicated that the jury found the de-fendant guilty of attempted robbery with a firearm. Additionally, the trial court offered to have the jury polled. This offer was declined by the defendant. We, therefore, find this assignment without merit and it is overruled. *State v. Rhinehart*, 267 N.C. 470, 148 S.E. 2d 651 (1966); *State v. May*, 22 N.C. App. 71, 205 S.E. 2d 355 (1974).

[4] The defendant next assigns as error the sentence imposed by the trial court. He contends that, as one Chester Melton had previously pled guilty to the same offense arising from the same robbery and been sentenced to imprisonment for a term of ten years, the trial court's sentence of imprisonment for not less than twenty-five years nor more than thirty years in this case was cruel and unusual punishment and constituted a penalty for the defendant's pleading not guilty and demanding trial by jury. This assignment is without merit.

The evidence clearly revealed that this defendant was the dominant of the two individuals committing the attempted rob-bery with a dangerous weapon. He was closer to the victim than the other man, directed the course of the armed robbery and per-sonally pointed a sawed-off shotgun at the victim's face from very close range. The clear danger to human life created by the de-fendant's acts justified the sentence imposed.

Sentencing is a matter for the sound discretion of the trial court and is reviewable on appeal only where manifest and gross abuse of discretion is shown. No such abuse was shown in the present case. Although the trial court specifically indicated that the offense for which the defendant had been convicted would

justify an even longer sentence, no greater sentence was imposed here than that imposed by the trial court after the defendant's prior trial and conviction arising from this same offense. The prior sentence was nullified by our opinion in *State v. Davis*, 33 N.C. App. 736, 236 S.E. 2d 722 (1977), granting the defendant a new trial. Further, as the punishment imposed does not exceed the limits fixed by statute, it cannot be considered cruel and unusual punishment in the constitutional sense. *State v. Elliott*, 269 N.C. 683, 153 S.E. 2d 330 (1967). When a defendant believes his sentence to be excessive, although within statutory limits, his remedy is through executive clemency. *State v. Baugh*, 268 N.C. 294, 150 S.E. 2d 437 (1966).

Finally, the defendant assigns as error the action of the trial court in allowing Orrin Colson, a witness who had not been made known to the defendant previously, to testify as a rebuttal witness for the State. The defendant presents no arguments in support of this assignment, and we deem it abandoned pursuant to Rule 28 of the North Carolina Rules of Appellate Procedure. *State v. McMorris*, 290 N.C. 286, 225 S.E. 2d 553 (1976).

The defendant received a fair trial free from prejudicial error, and we find

No error.

Judges PARKER and HEDRICK concur.