STATE OF NORTH CAROLINA v. RICKY DALE WILFONG

No. 9025SC161

(Filed 18 December 1990)

1. **Constitutional Law § 34 (NCI3d); Larceny § 1 (NCI3d) — single transaction — convictions of larceny from the person and armed robbery — double jeopardy**

   Defendant's indictment, conviction, and sentence for larceny from the person arose out of a single transaction involving a single person for which he was also convicted of armed robbery and must therefore be arrested.

   **Am Jur 2d, Robbery §§ 50, 112.**

2. **Criminal Law § 273 (NCI4th) — absence of witnesses — failure to subpoena until five days before trial — continuance properly denied**

   The trial court did not err in denying defendant's motion for a continuance and for a mistrial at the close of all the evidence based on his inability to ascertain the whereabouts and secure the attendance of witnesses, since defendant's lawyer had over five months to prepare his case but waited until five days before trial to issue subpoenas, and two witnesses did in fact show up and testify on behalf of defendant while three others did not.

   **Am Jur 2d, Continuances § 32.**

3. **Criminal Law § 260 (NCI4th) — substitution of private counsel — motion for continuance denied**

The trial court did not err in refusing to grant defendant a continuance on the day of trial to seek and retain private counsel to represent him in his trial.

**Am Jur 2d, Continuances § 35.**

**Withdrawal, discharge, or substitution of counsel in criminal case as ground for continuance. 73 ALR3d 725.**

APPEAL by defendant from a judgment entered 24 October 1989 by *Judge James U. Downs* in Superior Court, CATAWBA County. Heard in the Court of Appeals 27 September 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Bruce McKinney, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for the defendant.*

LEWIS, Judge.

The defendant was convicted of armed robbery and larceny from the person and sentenced to consecutive sentences of twenty years and of ten years, respectively. Defendant appeals.

### I. Larceny from the Person Conviction

Defendant first argues that the trial court erred because it denied his motion to dismiss for insufficient evidence that the defendant "took and carried away property." G.S. 14-72(b)(1). There must be a taking and carrying away of personal property of another to complete the crime of larceny otherwise there is only an attempt to commit the offense. *State v. Walker*, 6 N.C. App. 740, 743, 171 S.E.2d 91, 93 (1969). We find that there was sufficient evidence of a taking and carrying away of the victim's property to uphold the conviction. However, this issue is moot because we also find that the defendant's judgment in the larceny conviction must be arrested for the reasons set forth in defendant's second argument.

[1] In his second argument, defendant contends and the State concedes that his indictment, conviction and sentence for larceny from the person arose out of a single transaction involving a single person for which he was also convicted of armed robbery, and,

therefore, must be arrested. The rationale for this rule is that there is a presumption in such cases that the legislature did not intend multiple punishments to be inflicted upon the defendant for crimes arising from the same act. *State v. White*, 322 N.C. 506, 521, 369 S.E.2d 813, 821 (1988). Larceny is a lesser included offense of armed robbery. *Id.* The State concedes that *White* is dispositive of this issue and we accordingly arrest that portion of the defendant's judgment and sentence for larceny from the person.

## II. Entitlement to a New Trial

[2] The defendant asserts that the trial court erred when it denied his motion for a continuance and for a mistrial at the close of all of the evidence. It is well settled that a motion for continuance is addressed to the discretion of the trial judge and we will not disturb that ruling absent an abuse of that discretion. *State v. Rigsbee*, 285 N.C. 708, 711, 208 S.E.2d 656, 658 (1974). However, the defendant argues that his motions are based on his state and federal Constitutional rights of confrontation and compulsory process. When a defendant's motion to continue " 'is based on a right guaranteed by the Federal and State Constitutions, the question presented is one of law and not of discretion, and the decision of the court below is reviewable.' " *State v. Davis*, 33 N.C. App. 736, 741, 236 S.E.2d 722, 725 (1977), *quoting State v. Smathers*, 287 N.C. 226, 230, 214 S.E.2d 112, 114 (1975). Defendant sought a continuance in order to ascertain the whereabouts and secure the attendance of some of his witnesses. Two witnesses did in fact show up and testify on behalf of the defendant. Three other witnesses were served subpoenas in time to testify at trial but failed to appear. The defendant offered a forecast of evidence as to the testimony of the missing witnesses; however, counsel admitted that he had not interviewed these witnesses.

Under these circumstances, we hold that it was not error for the trial court to deny defendant's request for a continuance or a new trial. Unlike the defendant in *Davis*, the defendant here had an opportunity and did in fact present witnesses in his defense. Defendant was indicted on 21 May 1989. Counsel had over five months to prepare his defense. He chose to wait until 5 days before trial to issue subpoenas. It is not the job of the State to act as an absolute insurer of the existence and attendance of the State's witnesses at trial. To hold otherwise would produce absurd results. We cannot permit defense counsel to send out subpoenas at the

last moment before trial and then, as a tactical decision, obtain a continuance to look for these absent witnesses. This is particularly true where, as in this case, the defendant's lawyer had over five months to prepare his case and he failed to interview the absent witnesses prior to trial. We find no error.

[3] Finally, defendant assigns as error the refusal of the trial court to grant a continuance to allow the defendant to discharge his appointed counsel and retain private counsel to represent him at trial.

The record shows that the defendant mailed a letter on 20 October 1989 to the district attorney's office requesting permission to fire his appointed counsel and, for a continuance to allow him to retain private counsel. This letter was not received by the district attorney until 23 October 1989. The district attorney brought the matter to the attention of Judge Downs before trial on 24 October 1989. The defendant stated that he was "totally dissatisfied" with counsel because his lawyer had not contacted his witnesses and had "not show[n] any kind of concern or interest in [his] case so far." He asked the trial court to grant him a thirty day continuance to seek other counsel. The trial court denied his motion to continue. We find no error in the court's refusal to grant a continuance. The defendant was represented by his appointed counsel for almost five months before trial without complaint. The record indicates that he did not provide his lawyer the names of his witnesses until 18 October 1989, some six days before trial. His lawyer subpoenaed witnesses shortly thereafter.

Defendant also claims that he requested his lawyer to arrange a lineup and that his lawyer failed to make the necessary arrangements. However, he did not show why he was entitled to have a lineup nor how this lineup would have affected his defense. An indigent defendant does not have the right to have counsel of his choice appointed to represent him. *State v. McNeil*, 263 N.C. 260, 270, 139 S.E.2d 667, 674 (1965). If court-appointed counsel is reasonably competent to present the defendant's case, and any conflict between the defendant and his counsel would not render counsel ineffective to represent him at trial, denial of the defendant's motion is proper. *State v. Thacker*, 301 N.C. 348, 352, 271 S.E.2d 252, 255 (1980). We find that the trial court did not err in refusing to grant the defendant a continuance on the day of trial to seek and retain private counsel to represent him in his trial.

III. Conclusion

We arrest that portion of defendant's judgment sentencing him to ten years imprisonment for his conviction for larceny from the person. We otherwise hold that defendant received a fair trial, free of prejudicial error.

Judgment arrested as to the larceny conviction. No error otherwise.

Judges WELLS and COZORT concur.