STATE OF NORTH CAROLINA v. JESSE EVANS

No. 7816SC1079

(Filed 20 March 1979)

**1. Criminal Law § 91.7— absence of witnesses—continuance properly denied**

The trial court did not err in denying defendant's motion for continuance made on the ground of the absence of a necessary witness where defendant's motion was not timely and where there was no showing that, had the continuance been granted, defendant would ever have been able to find either of the missing witnesses, nor, if found, what the testimony of either would be, nor, indeed, whether either would be willing to testify at all.

**2. Assault and Battery § 15.6— self-defense—actual necessity not required—jury instructions sufficient**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court made it abundantly clear to the jury that defendant's right to act in self-defense was not limited to actual necessity.

APPEAL by defendant from *Clark, Judge.* Judgment entered 29 June 1978 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 1 March 1979.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. He was convicted of assault with a deadly weapon inflicting serious injury. Judgment was entered sentencing defendant to prison for not less than twelve nor more than twenty-four months. From this judgment, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Rudolph A. Ashton III, for the State.*

*John H. Horne, Jr., for defendant appellant.*

PARKER, Judge.

[1] Defendant first assigns error to the denial of his motion for a continuance made on the ground of the absence of a necessary witness. We find no error.

The rule is firmly established that ordinarily a motion for continuance is addressed to the sound discretion of the trial judge and his ruling is not subject to review on appeal in the absence of gross abuse. But when the motion is based on a

right guaranteed by the Federal and State Constitutions, the question presented is one of law and not of discretion, and the decision of the court below is reviewable.

*State v. Smathers*, 287 N.C. 226, 230, 214 S.E. 2d 112, 114-15 (1975). In the present case defendant contends that the denial of his motion resulted in depriving him of the constitutional right, guaranteed both by Article I, Sec. 23 of the Constitution of North Carolina and by the Sixth Amendment to the Federal Constitution, to confront his accusers and the witnesses against him with other testimony. The record does not support this contention.

The record reveals that the felonious assault for which defendant was tried occurred on 18 February 1978. A warrant charging defendant with the offense was issued on the same day. Two days later defendant was arrested, and on 21 February 1978 Attorney John H. Horne, Jr. was appointed to represent him. On 4 April 1978 a preliminary hearing was held and probable cause was found. On 24 April 1978 the grand jury returned as a true bill the indictment charging defendant with the same felonious assault for which the warrant had previously been issued. Defendant's case was calendared for trial at the 26 June 1978 Criminal Session of Superior Court. On Tuesday, 27 June 1978, the case was called and defendant pled not guilty. After the arraignment and plea, but before a jury was selected, defendant's counsel made an oral motion for a continuance on the ground that a necessary witness was not available. The motion was denied, and defendant's trial occurred on the following day, 28 June 1978.

We note initially that defendant's motion was not timely made. G.S. 15A-952(c) provides that where, as here, arraignment is to be held at the session for which trial is calendared, a motion to continue "must be filed on or before five o'clock P.M. on the Wednesday prior to the session when trial of the case begins." In such case the motion must be in writing, stating the grounds therefor and the relief sought. G.S. 15A-951(a). By waiting until the session for which his trial was calendared and then making an oral motion to continue, defendant failed to comply with these statutes. Defendant's failure to make a timely motion was in itself sufficient basis for its denial. Moreover, although no longer required by statute, it is still desirable that a motion for continuance be supported by an affidavit showing the grounds for con-

tinuance. *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974). None was filed in this case.

Even had defendant's motion to continue been timely made, its denial was proper. There was no showing that in denying the motion the trial judge either abused his discretion or deprived defendant of any constitutional right. From the oral statements made to the trial court by defendant's counsel it appears that the missing witnesses were a Mrs. Gibson, who is defendant's sister, and a Mr. Bailey. Warrants had been issued against each of these persons charging participation in the same assault for which defendant was tried. Neither of these warrants had been served. Defendant's counsel frankly admitted that he had previously been granted one continuance to give him time to find these witnesses, and that at the time of defendant's trial he still had no information as to the whereabouts of Mrs. Gibson and no reason to believe that she could be found. As to Bailey, defendant's counsel stated he had received information that approximately ten days prior to defendant's trial Bailey had been in Scotland County and had even called someone at the Scotland County Sheriff's Department, that Bailey had visited his mother, and that "the mother believes that he possibly lives near Rockingham, North Carolina," in Richmond County. Defendant's counsel admitted that he had no address for Bailey in Richmond County, that no subpoena had been issued for Bailey in Richmond County, and that the only subpoena which had been issued for him in Scotland County was one issued on the same day on which counsel made his oral motion for a continuance. Defendant's counsel had never interviewed either Mrs. Gibson or Bailey and the only thing he knew concerning them was what defendant had told him. If available, Mrs. Gibson and Bailey would each have been codefendants in this case, and defendant's counsel acknowledged that he had no assurance that either would be willing to testify. Thus, on this record there has been no showing that, had the continuance been granted, defendant would ever have been able to find either of the missing witnesses, nor, if found, what the testimony of either would be, nor, indeed, whether either would be willing to testify at all. Under these circumstances it is clear that the denial of the continuance did not deprive defendant of any constitutional right. Defendant's first assignment of error is overruled.

[2]  The only other assignment of error brought. forward in defendant's brief is addressed to a portion of the court's charge to the jury on self-defense. In this connection defendant contends that the court's instruction was deficient in that it failed to make clear that the defendant had a right to act in self-defense in case of apparent as well as actual necessity. We find no error. It is, of course, true that "[t]he right of self-defense, as defendant correctly contends, rests upon necessity real or apparent; and, in the exercise of his lawful right of self-defense, an accused may use such force as is necessary or apparently necessary to protect himself from death or great bodily harm." *State v. Jackson*, 284 N.C. 383, 390-91, 200 S.E. 2d 596, 601 (1973). When the charge in the present case is examined as a whole, the court made it abundantly clear to the jury that defendant's right to act in self-defense was not limited to actual necessity.

In defendant's trial and in the judgment appealed from, we find

No error.

Judges HEDRICK and CARLTON concur.