STATE OF NORTH CAROLINA v. MELVIN BERRY

No. 8029SC871

(Filed 3 March 1981)

1. Criminal Law § 91– statutory right to speedy trial not denied

Defendant's right to a speedy trial as provided by G.S. 15A-701 was not violated, though defendant was indicted on 5 December 1979 and tried more than 120 days later during the April 1980 session of criminal court in McDowell County, since McDowell County is a county where, due to the limited number of court sessions scheduled for the county, the time limitations of G.S. 15A-701 cannot reasonably be met; therefore, pursuant to G.S. 15A-701(b)(8), the 120-day requirement for trial did not apply to defendant's trial.

2. Criminal Law § 91.8– motion for continuance – timeliness

There was no merit to defendant's contention that the trial court's denial of his oral motion for a continuance constituted an abuse of the trial judge's discretion and denied him due process of law and the effective assistance of counsel, since defendant's motion was not timely made; defendant's counsel was appointed before the time written notice of continuance was required to have been filed and the attorney had spoken with defendant; and defendant had vigorously represented himself before asking, just seven days before his trial, that counsel be appointed and at no time requested a continuance.

3. Bills of Discovery § 6– opportunity to conduct discovery not denied

There was no merit to defendant's contention that the trial judge's denial of the opportunity to conduct discovery after counsel was appointed violated G.S. 15A-902, since that statute did not guarantee defense counsel at least ten days after he was appointed in which to conduct discovery, but instead gave defendant the right to seek discovery not later than the tenth day after appointment of counsel; defendant did this during his vigorous representation of himself; and defendant therefore could not argue that, since the State did not comply with the statutory discovery procedure, he had ten more days to conduct discovery.

4. Criminal Law § 98– trial in prison clothes

There was no merit to defendant's contention that the trial court erred by permitting defendant, over objection, to be tried in the uniform of a prisoner, where the record showed that defendant was dressed in green pants, tennis shoes, white socks and a T-shirt; there was no showing by defendant that he was required by his jailers to appear in prison garb in violation of G.S. 15-176; and there was no affirmative showing that defendant was in fact dressed in a prison uniform.

5. Criminal Law § 99.2– affirmative defenses – judge's question not prejudicial

There was no merit to defendant's contention that the trial judge erred by asking defense counsel in the presence of the jury whether there were any affirmative defenses of which counsel wished the judge to inform the jury,

since the trial judge merely insured that defendant exercised his opportunity to bring forward any affirmative defense he might have.

APPEAL by defendant from *Seay, Judge.* Judgment entered 17 April 1980 in Superior Court, McDOWELL County. Heard in the Court of Appeals 3 February 1981.

On 4 September 1979, several inmates confined at the McDowell County Unit of the Department of Correction overwhelmed their guards and escaped. The State's evidence shows that defendant was among those inmates involved.

Prison guard Ronnie Harvey testified for the State that on the day of the escape he was waiting at the door of a segregation unit for some other guards when he saw defendant and another inmate rush up to the door. Harvey testified that Berry pointed a revolver at him through the bars and forced him to open the door. Berry then forced the guard up a hall to an area between two dormitories where Berry ordered him to lie down on the floor. Harvey testifield that defendant took his watch and billfold and other inmates took his uniform. Defendant was apprehended fifteen hours after the escape, still dressed in his prison clothes, with no weapon, money or watch in his possession.

Defendant testified that although he escaped, he had nothing to do with kidnapping Harvey. A fellow inmate testified that he saw defendant escape, but never saw him in possession of a weapon.

The jury found defendant guilty of the felony of kidnapping, and the judge imposed an active sentence of twenty-five years to begin at the expiration of a two-year sentence for escape imposed in a prior trial. Defendant appeals.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Associate Attorney Jane P. Gray, for the State.*

*Goldsmith & Goldsmith, by C. Frank Goldsmith Jr., for defendant appellant.*

HILL, Judge.

Defendant argues in his first assignment of error that his trial, more than 120 days after his indictment, violated his

statutory and constitutional rights to a speedy trial. We note that defendant has not presented any authority for or discussed the basis of his assignment on constitutional grounds. Thus, we deem any assignments concerning defendant's Sixth Amendment right to a speedy trial to be abandoned. App. R. 28(a); *Love v. Pressley*, 34 N.C. App. 503, 514, 239 S.E. 2d 574 (1977), *disc. rev. denied* 294 N.C. 441 (1978).

[1]   Was defendant's statutory right to a speedy trial, as provided by G.S. 15A-701, violated? We hold that it was not.

Defendant was indicted on 5 December 1979 and tried more than 120 days later during the April 1980 session of criminal court in McDowell County. Two weeks of criminal court were scheduled in December 1979. One session began the week defendant was indicted; the other began 17 December but apparently did not run the full week. Another week of criminal court was scheduled for 14 January, but transferred to Rutherford County by order of the Chief Justice. No other sessions of criminal court were scheduled for McDowell County until the session during which defendant was tried.

We find that McDowell County is a county where, due to the limited number of court sessions scheduled for the county, the time limitations of G.S. 15A-701 cannot reasonably be met. Therefore, pursuant to G.S. 15A-701(b)(8), we hold that the 120-day requirement does not apply to defendant's trial. It is irrelevant that the defendant was not tried during the second week of December and that the term of court in January was transferred. Defendant has made no showing that he was ready, willing and able to go to court at those times and thus has not shown that the delay in his trial was occasioned by anything other than the venue of defendant's case being within a county with a limited number of court sessions. Defendant's first assignment of error is without merit and overruled.

[2]   Defendant assigns as error the trial judge's denial of his oral motion for a continuance. Defendant contends that the denial constituted an abuse of the trial judge's discretion and denied him due process of law and the effective assistance of counsel.

We note initially that defendant's motion was not timely made.

G.S. 15A-952(c) provides that where, as here, arraignment is to be held at the session for which trial is calendared, a motion to continue 'must be filed on or before five o'clock P.M. on the Wednesday prior to the session when trial of the case begins.' In such case the motion must be in writing, stating the grounds therefor and the relief sought. G.S. 15A-951(a). By waiting until the session for which his trial was calendared and then making an oral motion to continue, defendant failed to comply with these statutes. Defendant's failure to make a timely motion [is] in itself sufficient basis for its denial.

*State v. Evans*, 40 N.C. App. 390, 391, 253 S.E. 2d 35 (1979). The record shows that defendant's counsel was appointed before the time written notice of continuance was required to have been filed and that he had spoken with his client. Furthermore, the record shows that defendant had vigorously represented himself before asking, just seven days before his trial, that counsel be appointed and at no time requested a continuance. Defendant's assignment of error is without merit and overruled.

**[3]** Defendant contends in his third assignment of error that the trial judge's denial of the opportunity to conduct discovery after counsel was appointed violated G.S. 15A-902. We do not agree.

G.S. 15A-902 governs discovery procedures in a criminal trial. The statute provides that a party must first request in writing that the other party voluntarily comply with the discovery request. Defendant in the case *sub judice* made such a request on 19 December 1979. The district attorney's office received the request on 3 January 1980, but failed to comply with defendant's request.

G.S. 15A-902(a) further provides that "upon the passage of seven days following the receipt of the request without response" the defendant may file a motion to compel discovery. This the defendant did *pro se* on 27 March 1980. Apparently the superior court took no action on defendant's motion because the trial judge was not even aware the motion was in his file when defendant's case came to trial. Nevertheless, pursuant to G.S. 15A-910, discovery was ordered at trial before any witnesses were called.

State v. Berry

It is not, however, the dilatoriness of the district attorney of which defendant complains in his third assignment of error. Defendant is contending that G.S. 15A-902(d) should be interpreted to mean that, under the facts of this case, defense counsel was guaranteed at least ten days after he was appointed in which to conduct discovery. The subsection reads in pertinent part that:

If a defendant is not represented by counsel . . . , *he may* as a matter of right *request* voluntary *discovery* from the State under subsection (a) above *not later than the tenth working day after*

(1) The defendant's consent to be tried upon a bill of information, or the service of notice upon him that a true bill of indictment has been found by the grand jury, or

(2) *The appointment of counsel — whichever is later.* (Emphasis added.)

It is clear that G.S. 15A-902(d) does not give defense counsel rights. The subsection gives *the defendant* the right to seek discovery not later than the tenth day after the appointment of counsel. This the defendant did during his vigorous representation of himself. Defendant cannot now argue that since the State did not comply with the discovery procedure he has ten more days. Defendant, like all defendants, is restricted to seeking those sanctions set forth in G.S. 15A-910 and applied by the trial judge in this case. Defendant's assignment of error is without merit and overruled.

[4] Defendant argues in his fourth assignment of error that the trial court erred by permitting defendant, over objection, to be tried in the uniform of a prisoner. The record shows that defendant was dressed in green pants, tennis shoes, white socks and a white T-shirt. It is possible to conclude from the record that all other prisoners who had appeared before the jury that week with regard to the prison break had been dressed in the same manner as was defendant.

Defendant has made much the same argument as was unsuccessfully made in *State v. Westry*, 15 N.C. App. 1, 12, 189 S.E. 2d 618, *cert. denied* 281 N.C. 763 (1972). In *Westry* the Court pointed out that G.S. 15-176 is not as broad as defendant in that case contended. The statute provides that while it is unlawful

State v. Berry

for any sheriff, jailer or other officer *to require* a prisoner to appear in court for trial dressed in the uniform of a prisoner, it is not necessarily unlawful for a prisoner to so appear. The statute provides only that no person charged with a criminal offense shall be tried while in the uniform of a prisoner *"by or under the direction and requirement* of any sheriff, jailer or other officer ... "

In the instant case, there has been no showing by defendant that he was required *by his jailers* to appear in prison garb. In fact, just as in *Westry*, there has been no affirmative showing that defendant was in fact dressed in a prison uniform. Defendant's assignment of error is without merit and is overruled.

[5] Defendant contends in his fifth assignment of error that the trial court erred when the judge asked defense counsel in the presence of the jury whether there were any affirmative defenses of which counsel wished the judge to inform the jury. Defendant contends that such a question, when there was no affirmative defense, cannot help but tend to prejudice the jury at the very outset of the case.

G.S. 15A-1213 requires the trial judge, prior to selection of jurors, to briefly inform the prospective jurors of several things, one of which is "any affirmative defense of which the defendant has given pretrial notice as required by Article 52, Motions Practice." Defendant had not given any pretrial notice of an affirmative defense, which failure constituted a waiver, but the trial judge is empowered by Article 52 to grant relief from such a waiver. Thus, we hold that the trial judge did not err when he merely insured that defendant exercised his opportunity to bring forward any affirmative defense he might have. Defendant's assignment of error is without merit and is overruled.

We have carefully examined defendant's remaining assignments of error, find them to be without merit and overrule each one. In the trial of defendant's case we find

No Error.

Judges ARNOLD and WELLS concur.