**STATE v. CLARK**

[231 N.C. App. 421 (2013)]

STATE OF NORTH CAROLINA
v.
CORNELIUS JEVON CLARK

No. COA13-561

Filed 17 December 2013

**1.  Homicide—first-degree murder—sufficient evidence**

The trial court did not err in a homicide case by denying defendant's motion to dismiss the charge of first-degree murder. The State presented sufficient evidence of each element of the charge, including that defendant acted with premeditation and deliberation.

**2.  Appeal and Error—preservation of issues—failure to object at trial**

Defendant waived his right to appeal the issue of whether the trial court erred by informing the jury pool that defendant had given notice of self-defense by failing to object to the instruction at trial.

Appeal by defendant from judgment entered 17 January 2013 by Judge Marvin K. Blount, III in Nash County Superior Court. Heard in the Court of Appeals 9 October 2013.

*Attorney General Roy Cooper, by Assistant Attorney General C. Norman Young, Jr., for the State.*

*Kathryn L. VandenBerg for defendant.*

ELMORE, Judge.

This appeal presents questions concerning the correctness of the trial judge's jury instructions and his denial of defendant's motion to dismiss the first degree murder charge for insufficient evidence of premeditation and deliberation. On 4 June 2011, Cornelius Jevon Clark (defendant) was charged in the stabbing death of Jakwan Esquire Pittman. After a jury trial, defendant was found guilty of first degree murder and sentenced to life imprisonment without parole. Defendant subsequently gave notice of appeal in open court on 16 January 2013. After careful consideration, we find no error.

The State's evidence tended to show the following: Officer Robert Smith of the Rocky Mount Police Department testified that on 4 June 2011 he was at Club Rain working security detail when he was alerted

that there was going to be a fight. He and Officer Anthony Creech approached a growing crowd. He saw defendant "get into the face" of Pittman and then "strike [him] in the throat, almost like he pushed him with two hands in the throat area." As Officer Smith removed Pittman from the club, he tasted blood in his mouth and felt a warm liquid spray in his eyes. He then saw Pittman lying on the ground "bleeding out."

Mr. Russell Ray Rouse, Jr. testified that on 4 June 2011 he was working security when he heard a fight was about to break out between two black males over money. Mr. Rouse saw defendant and Pittman "face off" for approximately 20 seconds before defendant made a swiping motion "towards [defendant's] mouth and around the neck area of Pittman." Defendant then struck Pittman in the throat, and Pittman was "holding his neck and when he moved his hand, blood shot out of his neck."

Officer Creech of the Rocky Mount Police Department testified that he saw defendant and Pittman standing approximately three feet apart from each other, but he did not hear them arguing. To be safe, he told the men to "back up." He noticed that Pittman started backing up when defendant "lunge[d] at him with his thumb and he pushed him with his left hand and jabbed it towards the throat section." Dr. William Oliver performed an autopsy on Pittman and concluded that the cause of death was a single slit-like stab wound perforating inward near the trachea that cut the jugular vein and the carotid artery.

Defendant testified that he and Pittman had been acquaintances since the early 1990s, and had no troubles with one another. Defendant went to Club Rain around midnight; he admitted to sneaking a pocket knife through security, explaining that he carried one every day for protection. Defendant was drinking heavily. At some point, defendant felt himself get pushed; he turned and saw that Pittman was behind him. The men started fighting: defendant said, we "was face to face and we arguing and to me like it seemed like he was taking a step forward. So, that's when I – I pushed him with both hands. And that's when the incident occurred." Defendant pulled out the knife because he "didn't know what his intentions were[.] . . . I pulled it out for my protection." In an alleged effort to defend himself, defendant pushed Pittman "just hard enough to get him off me. Like to get him from out of my – out of my arm reach." At the close of the State's evidence and after the defense rested, defendant moved to dismiss the charge of first degree murder based on a lack of premeditation and deliberation. The trial court denied both motions.

## II. <u>Denial of Motion to Dismiss</u>

**[1]** Defendant argues that the trial court erred in denying his motion to dismiss the charge of first degree murder because the State presented insufficient evidence that he acted with premeditation and deliberation. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo." State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). On a motion to dismiss for insufficiency of evidence, " 'the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied,* 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted), *cert. denied,* 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

First degree murder is the intentional and unlawful killing of another human being with malice and with premeditation and deliberation. *See* N.C. Gen. Stat. § 14-17 (2011).

> "Premeditation" means that the defendant formed the specific intent to kill the victim some period of time, however short, before the actual killing. "Deliberation" means an intent to kill executed by the defendant in a cool state of blood, in furtherance of a fixed design for revenge or to accomplish an unlawful purpose and not under the influence of a violent passion, suddenly aroused by lawful or just cause or legal provocation.

*State v. Bonney*, 329 N.C. 61, 77, 405 S.E.2d 145, 154 (1991) (citations omitted).

"Generally, premeditation and deliberation must be proved by circumstantial evidence because they are not susceptible of proof by direct evidence." *State v. Misenheimer*, 304 N.C. 108, 113, 282 S.E.2d 791, 795

(1981) (quotation and citation omitted). "[A]lthough there may have been time for deliberation, if the purpose to kill was formed and immediately executed in a passion, especially if the passion was aroused by a recent provocation or by mutual combat, the murder is not deliberate and premeditated." *Id.* (alteration in original).

Our courts have found the following circumstances to be instructive as to whether circumstantial evidence of premeditation and deliberation exists: (1) want of provocation on the part of the deceased; (2) the conduct and statements of the defendant before and after the killing; (3) threats and declarations of the defendant before and during the course of the occurrence giving rise to the death of the deceased; (4) ill-will or previous difficulty between the parties; (5) the dealing of lethal blows after the deceased has been felled and rendered helpless; and (6) evidence that the killing was done in a brutal manner. *State v. Joplin,* 318 N.C. 126, 130, 347 S.E.2d 421, 423-24 (1986).

Defendant argues that "none of these factors was present here to a degree that a reasonable mind would accept as adequate to support a conclusion of premeditation and deliberation beyond a reasonable doubt." We are not persuaded.

Based on the criteria set forth above, the State presented sufficient circumstantial evidence of premeditation and deliberation. First, there was want of provocation on the part of the deceased because no evidence showed that Pittman threatened or otherwise provoked defendant, other than possibly bumping into him. The cause of the fight is uncertain and Pittman was unarmed.

Second, defendant's conduct was inconsistent with a man acting in self-defense. Defendant testified that he pulled out his knife "for my protection" and admitted to pushing Pittman "just hard enough to get him off me." However, the State presented evidence to the contrary. Officer Smith saw defendant "get into the face" of Pittman before striking him. Mr. Rouse saw defendant make a swiping motion towards his own mouth and then around Pittman's throat area, likely signaling that he was carrying a small weapon. Most notably, when Officer Creech asked the men to "back up," defendant lunged and delivered the fatal blow as Pittman was backing away – undermining defendant's theory of self-defense. Defendant's conduct and the want of provocation on the part of the deceased constituted substantial evidence to put the issue of premeditation and deliberation before the jury. The trial court did not err in denying defendant's motion to dismiss.

### III. Notice of Self-defense

[2] Defendant argues that the trial court committed reversible error when it informed the jury pool, without objection, that he gave notice of self-defense. "As a general rule, defendant's failure to object to alleged errors by the trial court operates to preclude raising the error on appeal." *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985); N.C.R. App. P. 10(a). However, defendant avers that this issue is properly before us despite his failure to object at trial because the trial judge acted contrary to statutory mandate. We disagree and hold that defendant has waived his right to appeal this issue by failing to object at trial.

The North Carolina discovery statutes are codified in Chapter 15A, Article 48 of our general statutes. These statues mandate our discovery procedures. Specifically, N.C. Gen. Stat. § 15A-905(c) (2011) provides that, upon motion by the State, a defendant must give notice of his intent to offer certain defenses at trial, including notice of self-defense. The notice of defense is inadmissible against the defendant at trial. N.C. Gen. Stat. §15A-905(c) (2011).

Chapter 15A, Article 72 contains the statutory procedures for selecting and impaneling a jury. N.C. Gen. Stat. § 15A-1213 (2011) specifically addresses the trial court's duty to orient the prospective jurors as to the case:

> Prior to selection of jurors, the judge **must** identify the parties and their counsel and briefly inform the prospective jurors, as to each defendant, of the charge, the date of the alleged offense, the name of any victim alleged in the pleading, the defendant's plea to the charge, and **any affirmative defense of which the defendant has given pretrial notice as required by Article 52, Motions Practice**. The judge may not read the pleadings to the jury.

N.C. Gen. Stat. § 15A-1213 (2011) (emphasis added). Defendant argues, *inter alia*, that the trial judge had a duty to exclude evidence from the jury of his notice of self-defense *sua sponte* because such disclosure violated N.C. Gen. Stat. § 15A-905(c). Again, § 15A-905(c) is a discovery statute, not a statute included within Article 72 for selecting and impaneling a jury.

While speaking to the prospective jury pool, the trial judge made the following statement, likely pursuant to N.C. Gen. Stat. § 15A-1213: "Defendant, ladies and gentlemen, has entered a plea of not guilty and

given the affirmative defense of self-defense." There is no evidence that the trial court acted contrary to statutory mandate. In fact, the opposite is true. The trial judge properly informed the prospective jurors of the affirmative defense defendant noticed. *See* N.C. Gen. Stat. § 15A-1213; *see generally State v. Berry*, 51 N.C. App. 97, 102, 275 S.E.2d 269, 273 *cert. denied*, 303 N.C. 182, 280 S.E.2d 454 (1981) (Trial judge did not err when he asked defense counsel in the presence of the jury whether there were any affirmative defenses of which counsel wished the judge to inform the jury). As defendant failed to preserve this issue for our review, we decline to address the merits of his argument on appeal.

## IV.  Conclusion

In sum, the trial court did not err in denying defendant's motions to dismiss. The State presented substantial evidence to put the issue of premeditation and deliberation before the jury. We conclude that defendant received a trial free from error.

No error.

Judges CALABRIA and STEPHENS concur.